# IN THE COURT OF APPEALS OF IOWA

No. 21-0289
Filed April 27, 2022

**VERN DAVID MILLER, JR.,**
     Plaintiff-Appellant,

**vs.**

**LISA MAE MEYER,**
     Defendant-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

A father appeals the court's denial of his petition to modify the custody arrangement established in a stipulated decree. **AFFIRMED.**

Matthew L. Noel of Noel Law Office, Dubuque, for appellant.

Lisa Meyer, Dubuque, self-represented appellee.

Considered by Ahlers, P.J., Chicchelly, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**DANILSON, Senior Judge.**

Vern Miller appeals from the district court's order denying his petition to modify the stipulated custody decree between him and Lisa Meyer involving their eleven-year-old child. Miller contends the parties' shared physical care arrangement is not in the child's best interests due to Meyer's "chaotic" lifestyle and, if he were granted physical care, he would "provide superior care."[1]

In 2014, the district court approved a stipulated decree that awarded the parties joint custody and shared care of then five-year-old A.S. In 2016, the district court denied Miller's petition to modify the custody arrangement in an order that was affirmed by this court on appeal. *See Miller v. Meyer*, No. 16-0455, 2016 WL 6637653, at *1 (Iowa Ct. App. Nov. 9, 2016). This court then acknowledged "[t]he custody of this child has a long and storied history, which is not necessarily pertinent to this appeal," a finding that we continue to adhere to in this appeal. *See id.*

Miller filed the instant petition for modification in December 2019, alleging Meyer "has engaged in illegal substance abuse, that has affected her parenting of the minor child negatively" and "[t]he child's schooling has been negatively impacted." At trial in January 2021, Miller's testimony focused on A.S.'s "struggles" with her school's COVID-related "hybrid learning" situation during the 2019–2020 school year (A.S.'s fifth-grade year), stating her school work had started to "fall off" and he had to work on "getting her caught up." Miller acknowledged, however,

---

[1] Meyer did not file a responsive brief on appeal.

that Meyer had been "[a] little bit" more involved during the current school year.[2] Miller also pointed to the tumultuous culmination of Meyer's marriage, which included an incident in September 2019 during which an intoxicated Meyer set fire to her estranged wife's clothing in their yard. He expressed concern that Meyer would "get in another incident like th[at] with her new relationship," and he believed he could provide A.S. a more "safe, structured environment."

Meyer admitted that she "made mistakes" that resulted in criminal charges to which she pled guilty while she was going through her divorce. She testified she had since moved into a home with A.S., her fiancé, his two children, and their newborn child. Meyer stated the family was "happy" in the home, and A.S. had picked her own bedroom. Meyer acknowledged she had not been "involved with [A.S.] as much as [she] should have been with fifth grade," during the time period she had "struggle[d]" with her divorce. But A.S.'s fifth-grade teacher testified the child's performance at school had been "pretty consistent" and it was "hard to tell" if A.S. was more prepared for school on days she was at Miller's home versus Meyer's. The teacher also stated she was not aware A.S. was dealing with anything other than "normal things" outside of school. In any event, Meyer stated that now she is "100 percent involved" in A.S.'s schooling, and she and the child go through "every single assignment" together. Lastly, Meyer denied drug use and stated she had "a couple drinks" only occasionally; statements Miller did not refute.

The district court denied Miller's modification petition, noting Miller and Meyer "both had issues with substances and the criminal justice system" and

---

[2] He also admitted that he did not allow A.S. to take the iPad that was necessary to do schoolwork to Meyer's house during her fifth grade year.

inconsistencies in parenting A.S., but they had "agreed to shared care." The court noted that Meyer had "made some very poor decisions" during a time "when her personal life was in crisis" but found that she had taken "accountability for her actions" and had since demonstrated an ability to provide appropriate care for A.S. that had actually "improved since the entry of the decree."

Upon our de novo review of the record, we agree with the district court's decision to deny Miller's petition for modification. *See In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016) (setting forth the standard of review). Notwithstanding the evidence presented of Meyer's lapses in judgment over a short-term stretch lasting less than one year, Meyer has since been fulfilling her parental duties and has been more responsible. Thus, we conclude Miller has not met his burden to show a substantial and material change in circumstances warranting modification of the parties' physical care arrangement. *See In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983) (setting forth the legal framework for determining whether to modify physical care); *see also Harris*, 877 N.W.2d at 440 (noting "[t]he party seeking to modify . . . faces a heavy burden"). We affirm the district court's order.

**AFFIRMED.**